GMM/JRB: USAO 2019R00667


FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 NOV -4 P 3:39

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH 19CR517 |
| | * | |
| **HENRY LEE KENNER II,** | * | (Kidnapping, 18 U.S.C. § 1201(a)(1); |
| | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 |
| **Defendant** | * | U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
### (Kidnapping)

The Grand Jury for the District of Maryland charges that:

On or about June 8, 2019, in the District of Maryland and elsewhere, the defendant,

**HENRY LEE KENNER II,**

did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away Victim A, and held Victim A for any reason, when (1) Victim A was willfully transported in interstate commerce from the State of Maryland to the Commonwealth of Virginia; (2) the defendant travelled in interstate commerce from the State of Maryland to the Commonwealth of Virginia; and (3) the defendant used any means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the offense.

18 U.S.C. § 1201(a)(1)

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Indictment.

2. Upon conviction of the offense set forth in Count One of this Indictment, the defendant,

## HENRY LEE KENNER II,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. If, as a result of any act or omission of the defendant, any of the property described above:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), up to the value of the forfeitable property described above.

*Robert K. Hur /Gmm*
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

11/4/19
Date

3