IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HENRY LEE KENNER II, | * | |
| Petitioner, | * | |
| v. | * | Criminal Action No. GLR-19-517 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Henry Lee Kenner II's ("Petitioner") Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(2), Amendment 821 and request for appointment of counsel. (ECF No. 91). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will deny the motion.

### I.  BACKGROUND

Petitioner Henry Lee Kenner pleaded guilty to kidnapping and attempted witness tampering. (Plea Agreement at 1, ECF No. 72).[1] He was sentenced on November 17, 2020, to 150 months in prison with five years of supervised release and a $200 special assessment.

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

(J. at 1–5, ECF No. 82). The Court entered Judgment the same day. (Id.). Petitioner did not appeal.[2]

On February 20, 2024, Petitioner filed this instant Motion, requesting a two-point reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. (Mot. Modification Sentence Pursuant 18 U.S.C. § 3582(c)(2) Amendment 821 [§ 3582 Mot.], ECF No. 91). In addition, Petitioner requests appointment of counsel to supplement his pro se filing. (§ 3582 Mot. at 2–3). The United States does not oppose the Motion.

## II.   DISCUSSION

### A. Motion to Reduce Sentence under § 3582

**1. Standard of Review**

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). This "rule of finality," however, "is subject to a few narrow exceptions." See United States v. Gary, No. JKB-08-0086, 2024 WL 1641007, at *1 (D.Md. Apr. 16, 2024) (quoting Freeman v. United States, 564 U.S. 522, 526 (2011)). For instance, a court may "lower the sentence of a defendant who was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,'" if the reduction is consistent with the sentencing factors in 18

---

[2] In addition to filing this instant Motion, Petitioner also filed a Motion to Vacate, Set Aside, or Correct Sentence by a person in federal custody under 28 U.S.C. § 2255 (ECF No. 18) that the Court will address by separate Order at a later date.

2

U.S.C. § 3553(a) and the applicable policy statements issued by the U.S. Sentencing Commission. United States v. Chen, No. DKC-21-146-4, 2025 WL 402066, at *1 (D.Md. Feb. 4, 2025) (quoting 18 U.S.C. § 3582(c)(2)). Finally, under 18 U.S.C. § 3582(c)(2), "a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." Gary, 2024 WL 1641007, at *1.

**2. Analysis**

Petitioner seeks a two-point sentence reduction under Amendment 821 to the U.S. Sentencing Guidelines. (§ 3582 Mot.). Amendment 821 is a two-part amendment. Before November 2023, the Sentencing Guidelines assessed two criminal history "status points" for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2022). Part A of Amendment 821 retroactively alters the application of the Sentencing Guidelines § 4A1.1 such that "a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points." United States v. Diaz, No. JKB-16-0259, 2025 WL 327314, at *1 (D.Md. Jan. 28, 2025). Part B retroactively affects those who were assessed zero criminal history points at the time of sentencing and who have none of the specified aggravating factors. Chen, 2025 WL 402066 at *1.

At sentencing, Petitioner received a criminal history score of three, which established a criminal history category of II. (Presentence Investigation Report ¶ 38, ECF No. 75). Importantly, Petitioner's three criminal history points arise from a prior conviction of robbery in the first degree, aggravated assault in the third degree, armed kidnapping, and

3

firing weapon. (Id. ¶ 37). Although Petitioner committed the attempted witness tampering charge while in federal custody awaiting trial for the kidnapping charge, (Stipulation of Facts at 1, ECF No. 72-1), he did not receive any additional "status points" at sentencing under U.S.S.G. § 4A1.1(d) (2022). (Presentence Investigation Report ¶ 37–38). Petitioner's criminal history score is based on a prior conviction unrelated to any offense committed while under a criminal justice sentence. Part A would not change his criminal history score and therefore his Guidelines range would remain the same. Further, Petitioner was sentenced to 150 months of imprisonment, below the Guidelines range of 188-235 months, (Presentence Investigation Report at 17); (J. at 2). See Diaz, 2025 WL 327314 at *1 (finding defendant ineligible for sentence reduction under Amendment 821 because defendant already received a sentence below the Guidelines range that would have applied had Amendment 821 been in effect when defendant was sentenced). Petitioner is therefore not eligible for a sentence reduction under Part A of Amendment 821.[3]

Petitioner is also ineligible for relief under Part B because he was assessed with three criminal history points at sentencing, (Presentence Investigation Report ¶ 37–38), and Part B only applies to "zero-point offenders." See U.S.S.G. § 4C1.1(a)(1) (requiring that "the defendant did not receive any criminal history points from Chapter Four, Part A"); Chen, 2025 WL 402066 at *1. Ultimately, Petitioner is not eligible for a two-point sentence reduction under Amendment 821.

---

[3] The Court need not reach Petitioner's arguments analyzing the sentencing factors articulated in 18 U.S.C. § 3553(a) or the applicable policy statement issued by the U.S. Sentencing Commission because the Petitioner was not assessed "status points" at the time of sentencing and thus not eligible for relief. (§ 3582 Mot. at 5–9).

### B. Appointment of Counsel

#### 1. Standard of Review

Petitioner also seeks the appointment of counsel on this claim. (§ 3582 Mot. at 2-3). The Federal Public Defender reviewed Petitioner's Motion to Reduce Sentence under § 3582 and declined to supplement his motion or ask for appointment of counsel in this matter. (ECF No. 93). There is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings . . . [a] motion for reduction of sentence does not fit into this category." United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). Nonetheless, the Court retains discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. See United States v. Stewart, No. 16-cr-410-PWG, 2021 WL 948814, at *3 (D.Md. Mar. 12, 2021); cf. 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings).

#### 2. Analysis

Petitioner seeks appointment of counsel under 18 U.S.C. § 3006A "due to the complexities of Amendment 821 and to perfect [his] pro se filing." (§ 3582 Mot. at 9). Petitioner does not have a constitutional or statutory right to appointment of counsel in postconviction proceedings, such as § 3582 Motions. See Legree, 205 F.3d at 730. Furthermore, Petitioner's motion "does not present a complicated or unresolved legal

question" despite his assertions, (§ 3582 Mot. at 6–7, 9). United States v. Walker, No. DKC-11-686-1, 2024 WL 4237354, at *1 (D.Md. Sept. 19, 2024). In any event, appointment of counsel would not materially alter the outcome of the motion because Petitioner is clearly ineligible for relief under Amendment 821. Id; see also United States v. Stiep, No. 3:18-cr-00311, 2024 WL 761897, at *2 (W.D.N.C. Feb. 21, 2024). Thus, the Court concludes that it would not be in the interests of justice to appoint Petitioner counsel.[4]

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(2), Amendment 821. (ECF No. 91). A separate Order follows. Entered this 2nd day of April, 2025.

/s/
George L. Russell, III
Chief United States District Judge

---

[4] In the civil context, the Fourth Circuit has adopted a two-prong test as outlined in Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024), to determine whether a case presents exceptional circumstances requiring the appointment of counsel. The inquiry requires the court to determine "(1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" Id. Courts have extended this analysis to § 2241 proceedings. See, e.g., Hubbard v. United States, No. 3:23-cv-00832-MR, 2024 WL 4536477 (W.D.N.C. Oct. 21, 2024). Even under this inquiry, the Petitioner is clearly ineligible for relief under Amendment 821, nor does it require specialized legal expertise to present. Thus, the Court concludes that it would still not be in the interests of justice to appoint Petitioner counsel.